UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| AZIZA TRAVIS  <br><br>Plaintiff,  <br><br>vs.  <br><br>PERFORMANT RECOVERY, INC.  <br><br>Defendant, | Civil Action No.  4:13-cv-01474 |

### COMPLAINT AND DEMAND FOR JURY TRIAL

AZIZA TRAVIS, ("Plaintiff"), through the undersigned counsel, Dave Lilley, Esq., alleges the following against PERFORMANT RECOVEVERY, INC., ("Defendant"):

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Aziza Travis, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## *III. PARTIES*

3. Plaintiff, Aziza Travis, is a natural person with a permanent residence in Houston, Harris County, Texas 77054.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *IV. FACTUAL ALLEGATIONS*

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for their non-payment of the debt they allegedly owed.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff at work after knowing that Plaintiff could not take calls at work.

## V. *1ST CLAIM FOR RELIEF*

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (e) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the amount of the alleged debt that the Defendant is attempting to collect; and

    (f) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

    (g) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the

debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(h) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

(i) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that including a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Aziza Travis, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## *VI. 2ND CLAIM FOR RELIEF*

16. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

18. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

   (a) Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

19. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the TDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and TDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VII.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Aziza Travis, demands trial by jury in this action.

This 21st day of May, 2013.

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891